IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT EARL CLAYBORNE JR., | ) | 4:13CV3145 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SCOTT PARKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on August 12, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.     SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against the Lancaster County Department of Corrections, CCS Correct Care Solutions, and eight individuals. (Filing No. 1.) Plaintiff is a prisoner currently confined at the Tecumseh State Correctional Institution in Tecumseh, Nebraska. (*Id*. at CM/ECF pp. 1-2.)

In his Complaint, Plaintiff alleges that he is currently serving a prison term of 15-20 years for second-degree domestic assault. (*Id*. at CM/ECF p. 5.) Plaintiff asserts that he was wrongfully convicted because he was incompetent to stand trial. (*Id*. at CM/ECF pp. 6, 13.) Plaintiff seeks to be released from prison and placed in a medical facility to be evaluated. (*Id*. at CM/ECF p. 14.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the

charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87; *see also Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) (applying *Heck* to a claim that would implicate the validity of a future conviction on a pending criminal charge).

Here, Plaintiff asserts that he was wrongfully convicted of second-degree domestic assault because he was incompetent to stand trial. (Filing No. 1 at CM/ECF pp. 6, 13.) Plaintiff seeks to be released from prison and placed in a medical facility to be evaluated. (*Id*. at CM/ECF p. 14.) Plaintiff's claims, and request for relief, necessarily implicate the validity of his conviction and current confinement. As set forth above, the court cannot address such claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in a habeas corpus or similar proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 11th day of October, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4